UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DARREN KOLAR,  3:13-cv-1964-TC

                Plaintiff,

                FINDINGS & RECOMMENDATION

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

Plaintiff initially asserted disability beginning February 15, 2004, later amended to December 31, 2008, due to knee injury, back injury, carpal tunnel, restless leg syndrome, depression, and anxiety. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends the ALJ erred in failing to include all of plaintiff's limitations in seeking an opinion from the vocational expert.

The ALJ determined that plaintiff had the residual functional capacity to perform light work

Page 1 - FINDINGS & RECOMMENDATION

with, among other limitations, a limitation to "simple, routine, SVP-2 tasks." Tr. 29. However, the ALJ failed to include this limitation in eliciting an opinion from the vocational expert regarding the jobs plaintiff could perform.

The Commissioner concedes that the ALJ erred in failing to include the limitation, but contends that the error was harmless. An error is harmless when it is clear from the record that an ALJ's error is inconsequential to the ultimate nondisability determination. Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). Although, the vocational expert in this case identified jobs that have a specific vocational preparedness index (SVP) of 2 (indicating unskilled work), the jobs also have a reasoning development level of 3 pursuant to the Dictionary of Occupational Titles (DOT).[1] Level 3 of reasoning development requires application of

> commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

DOT at App. C, 1991 WL 688702.

It is unclear from the record whether the identified jobs involve only simple and routine tasks. This court has previously determined that a vocational expert may offer an opinion that level 3 reasoning development jobs identified in that case are consistent with simple routine work. See Fisk v. Commissioner, 6:13-cv-410-TC, F&R dated January 21, 2014 and Order dated February 20, 2014 (in which the expert testified that his opinions is consistent with the DOT):

> While plaintiff does point to some case law suggesting a requirement of reasoning level 3 is incompatible with simple routine work, the ALJ properly relied on the vocational expert in this instance. See Auger v. Astrue, 792 F.Supp.2d 92, 96-

---

[1] The vocational expert identified storage facility rental clerk (DOT #295.367-026), telephone information clerk (DOT #237.367-046), and cashier II (DOT #211.462-010) as jobs plaintiff could perform.

Page 2 - FINDINGS & RECOMMENDATION

97 (D.Mass. 2011) (footnotes omitted):

> A split of authority exists on this issue. Both the Seventh Circuit and the Eighth Circuit have held that a job requiring level-three reasoning does not necessarily conflict with an RFC limited to simple and unskilled work. See Terry v. Astrue, 580 F.3d 471, 478 (7th Cir.2009); Hillier v. Social Security Administration, 486 F.3d 359, 367 (8th Cir.2007). Accord Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir.2007). The Fifth Circuit reached the opposite conclusion. See Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir.2005) (holding that "level-two reasoning appears more consistent with Plaintiff's RFC," which was limited to "simple and routine work tasks").
>
> The majority of federal district courts, including a court in this district, have followed the Seventh and Eighth Circuits. See Abel v. Astrue, No. 3:09–cv–327–TSL–FKB, 2011 WL 1099890, at *7 (S.D.Miss. Mar. 2, 2011), adopted, 2011 WL 1044155 (S.D.Miss. Mar. 22, 2011); Foley v. Astrue, No. 09–cv–10864–RGS, 2010 WL 2507773, at *9 (D.Mass. June 17, 2010); Hurtado v. Astrue, No. 09–60930, 2010 WL 1850261, at *11 (S.D.Fla. Apr. 14, 2010); Webb v. Astrue, No. 4:08–CV747–Y, 2010 WL 1644898, at *12 n. 10 (N.D.Tex. Mar. 2, 2010); Robinson v. Astrue, No. 4:08–cv–1980MLM, 2010 WL 481045, at *18 (E.D.Mo. Feb. 4, 2010); Blanchard v. Astrue, No. 09–1143–SAC, 2010 WL 2925180, at *11–12 (D.Kan. July 21, 2010); Koontz v. Astrue, No. 08–2153–LAB (WVG), 2010 WL 3339388, at *8–9 (S.D.Cal. July 26, 2010); Cottman v. Astrue, No. BPG–08–1753, 2009 WL 4884506, at *6 n. 5 (D.Md. Dec. 9, 2009). But see Grimes v. Astrue, No. 09–2208–JEM, 2011 WL 164537 (C.D.Cal. Jan. 18, 2011); Yurek v. Astrue, No. 5:08–CV–500–FL, 2009 WL 2848859, at *9 n. 10 (E.D.N.C. Sept. 2, 2009); Mead v. Barnhart, No. Civ. 04–139–JD, 2004 WL 2580744 (D.N.H. Nov. 15, 2004); Hall–Grover v. Barnhart, No. 03–239–P–C, 2004 WL 1529283 (D.Me. Apr. 30, 2004).
>
> This court joins the great weight of authority on this issue and holds that no conflict existed between the VE's testimony that Plaintiff could work as a surveillance system monitor despite being limited to "simple and unskilled" work, and the DOT's level-three classification.

This court also finds that the ALJ did not err in relying on the vocational expert's determination that the plaintiff, limited to simple and unskilled work, is

capable of performing the jobs of surveillance system monitor and call-out operator and that no conflict exists between the vocational expert and the DOT.

Fisk, F&R at pp. 6-7.

The ALJ in this case did ask the vocational expert whether any conflicts between his testimony and the DOT exist, Tr. 68, but, as noted above, the vocational expert was not provided with the a limitation of simple and routine work. It may be that the particular jobs identified in this case require nothing more than simple and routine tasks. But that is an issue that the vocational expert must address and not one that the court can make. Accordingly, a remand is necessary so that the ALJ may obtain vocational expert testimony as to the vocational impact of the limitation to simple and routine tasks.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner should be reversed and remanded for further proceedings.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a

waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 31 day of October 2014.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - FINDINGS & RECOMMENDATION